| | |
|---|---|
| 1 | **MARK BRNOVICH**<br>**ATTORNEY GENERAL** |
| 2 | (Firm State Bar No. 14000)<br>**MITCHELL W. ALLEE** (No. 031815) |
| 3 | **VALERIE LOVE MARCIANO** (No. 009187)<br>**ASSISTANT ATTORNEYS GENERAL** |
| 4 | **OFFICE OF THE ATTORNEY GENERAL**<br>1275 WEST WASHINGTON STREET |
| 5 | PHOENIX, AZ 85007-2926<br>Telephone: (602) 542-7710 |
| 6 | Facsimile: (602) 542-4377<br>consumer@azag.gov |
| 7 | Valerie.marciano@azag.gov<br>*Attorneys for Plaintiff* |
| 8 | **HELMS LAW GROUP, PLC**<br>**MICHAEL G. HELMS (NO. 014470)** |
| 9 | 1302 W. Camelback Road<br>Phoenix, AZ 85013 |
| 10 | Telephone: (480) 386-0240<br>Facsimile: (480) 386-0243 |
| 11 | mghelms@mghlawfirm.com<br>*Attorneys for Debtor/Defendant* |

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RUBEN DIAZ,<br><br>Debtor.<br><br>Social Security No(s).: xxx-xx-1325 | Chapter 7 Proceedings<br><br><br>Adversary Case No. 2:17-ap-00003-MCW<br><br>Admin. Case No. 2:16-bk-08654-MCW |
| STATE OF ARIZONA, ex rel. MARK BRNOVICH, Attorney General,<br><br> Plaintiff,<br>vs.<br><br>RUBEN DIAZ,<br><br>Defendant, | **STIPULATED MOTION RE:**<br><br>**STAY OF THE ADVERSARY PROCEEDING PENDING THE OUTCOME OF THE STATE COURT PROCEEDING** |

The State of Arizona, *ex rel.* MARK BRNOVICH, Attorney General (the "State") and Ruben Diaz (the "Debtor"), by and through respective undersigned counsel (hereinafter referred to collectively as the "Parties"), hereby jointly move the Court to stay the Adversary Proceeding Case No. 2:17-ap-00003-MCW filed by the State on January 3, 2017, pending the outcome of *State of Arizona v. Ruben Diaz, et al.*, CV2016-002019 filed in the Superior Court of the State of Arizona, County of Maricopa ("State Action"), for the reasons set forth below. A stay of the Adversary Proceeding is in the best interests of both the State and Debtor, as the requested stay will allow for an orderly disposition of the claims made in the State Action and will avoid duplication of efforts by the Parties in addressing the matters simultaneously. A form of Order is attached hereto as **Exhibit "A"** for the Court's consideration.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

The Parties stipulate to the following facts:

1. On July 28, 2016 the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, which was later converted to a case under Chapter 7 ("Bankruptcy Case").

2. On March 10, 2016, prior to the bankruptcy filing, the State of Arizona brought the State Action against Debtor and others in the Superior Court of the State of Arizona alleging violations of the Arizona Consumer Fraud Act (the "ACFA"), Arizona Revised Statutes ("A.R.S.") § 44-1521 *et. seq.*, and the Arizona Organized Crime, Fraud and Terrorism Act (the "AOCFTA"), A.R.S. § 13-2301, *et seq*.

3. On October 25, 2016, this Court granted relief from the automatic stay imposed upon the filing of the Bankruptcy Case pursuant to the Police and Regulatory Exception under 11 U.S.C. § 362(b)(4), for purposes of allowing the continuation of the State Action against the Debtor, and others, for the purpose of fixing the amount of monetary awards, if any, and enjoining Debtor's, and others', alleged violations of Arizona law ("Stay Relief Order").

4. On January 3, 2017, the State commenced the above captioned Adversary Proceeding captioned *State of Arizona v. Ruben Diaz,* Case No. 2:17-ap-00003-MCW, seeking to determine the non-dischargeability of unliquidated debts allegedly owed to the State, including, but not limited to, awards of restitution, disgorgement, and civil penalties and attorney fees for alleged violations of the ACFA and AOCFTA.

5. The Summons that was issued and the Complaint that was filed in the above captioned matter were properly and timely served upon Debtor on or before February 9, 2017.

## II.  AGREEMENT OF THE PARTIES

The Parties agree to, and jointly move this Court for, a Stipulated Order that provides as follows:

1. The Adversary Proceeding is stayed until the disposition of the State Action by the Superior Court of the State of Arizona ("Superior Court"), allowing the Superior Court to make findings of fact and conclusions of law, including but not limited to, the extent of liability of the Debtor and others, if any, and the liquidation of the State's claims under the ACFA and AOCFTA, such as restitution, disgorgement, civil penalties, investigative costs and attorney fees, if any.

2. No answer to the Complaint is due in the Adversary Complaint until thirty (30) days after the issuance by the Superior Court in the State Action of a final order liquidating the monetary awards, if any, owed to the State ("Final Order").

3. All discovery deadlines, pre-trial deadlines, and trial setting(s) in the Adversary Proceeding are stayed during the pendency of the State Action, and the Parties will request this Court to enter appropriate discovery deadlines, pre-trial deadlines, and trial setting(s) at such time as a Final Order is entered in the State Action.

4. This Court shall retain exclusive jurisdiction to determine the dischargeability of any monetary award granted in the State Action as required under 11 U.S.C. § 523 of the Bankruptcy Code.

5. The State shall obtain further Order of this Court authorizing the commencement of collection and/or recovery of amounts due under the Final Order pursuant to the Stay Relief Order entered in Debtor's Administrative Case, unless the Administrative Case has been dismissed, in which case no further order authorizing commencement of collection and/or recovery of amounts due under the Final Order is required.

6. The above captioned Adversary Proceeding shall survive any discharge order entered in Debtor's Administrative Case; the dischargeability of the State's claims presented in the Adversary Proceeding shall be determined in this Adversary Proceeding.

## III. CONCLUSION

To promote judicial economy, avoid the waste of both judicial and the Parties' resources and to avoid the duplication of efforts of the Parties involved, the Parties respectfully request that this Court enter the Order in the form attached hereto as **Exhibit "A"**.

DATED: March 3, 2017.

**STATE OF ARIZONA**

*/s/ Mitchell Allee*
Mitchell Allee
Valerie Marciano
Assist Attorneys General
*Attorneys for the State of Arizona*

**HELMS LAW GROUP**

*/s/ Michael Helms*
Michael G. Helms (*signed with permission*)
*Attorney for Ruben Diaz*

The foregoing electronically filed
and served via ECF this 3rd day
of March, 2017.